**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| LUIS OVIDIO HERNANDEZ CARDONA | CIVIL ACTION NO. 26-3711 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN CENTRAL LOUISIANA ICE PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE AYO |

**ORDER**

Luis Ovidio Hernandez Cardona ("Petitioner") filed a petition for a writ of habeas corpus, Record Document 1, and a motion for temporary restraining order, Record Document 2. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. For the following reasons, the motion for temporary restraining order is **DENIED**.

In his motion for temporary restraining order, Petitioner seeks an order enjoining Respondents from removing him from the United States pending his habeas petition. Record Document 2 at 3. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Moreover, although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" Petitioner has not

alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status).

The Petitioner also asks for an order prohibiting his transfer to another jurisdiction. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Accordingly, the motion for temporary restraining order, Record Document 2, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of September, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE